UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEALA MONTGOMERY,                  )

                                )        **AMENDED COMPLAINT**

           Plaintiff,      )

                                )        **JURY TRIAL DEMANDED**

   -against-               )

                                )        17 Civ. 7204 (AKH)

THE CITY OF NEW YORK; POLICE OFFICER  )
STEVEN VENTIMIGLIA, Shield No. 2058;   )
POLICE OFFICER "FNU" [First Name Unknown] )
ROMA; JOHN DOES; RICHARD ROES;     )
FOOD UNIVERSE; KEY FOOD CS 2, LLC;   )
KEY FOOD CS 3, LLC; KEY FOOD STORES  )
CO-OPERATIVE, INC.; MICHAEL MOE     )
OWNER OF FOOD UNIVERSE; FELIPE     )
VARGAS; EL GALLO MEAT MARKET INC.  )
d/b/a FOOD UNIVERSE; TEOFILO GUZMAN; )
JUAN GUZMAN; JOSE C. GUZMAN; MICHAEL )
MOE # 1; MICHAEL MOE # 2; MICHAEL MOE )
# 3; MICHAEL MOE # 4; and MICHAEL MOES, )

                                )

           Defendants.     )
----------------------------------------------------------X

## PRELIMINARY STATEMENT

1.   This is a civil action in which the plaintiff, KEALA
MONTGOMERY, seeks relief for the defendants' violation of her
rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§
1981, 1983, and 1985(3), by the United States Constitution,
including its Fourth and Fourteenth Amendments, and by the laws
and Constitution of the State and City of New York.  The
plaintiff seeks damages, both compensatory and punitive,
affirmative and equitable relief, an award of costs and
attorneys' fees, and such other and further relief as this court

1

deems equitable and just.

### JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §§ 1981,1983, and 1985(3). Jurisdiction is conferred upon this court by 42 U.S.C. §§ 1981,1983, and 1985(3) and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

### JURY TRIAL DEMANDED

4.    Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

### VENUE

5.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

### PARTIES

6.    Plaintiff was at all times relevant herein a resident of the State of New York, County of New York.  Plaintiff is a

2

black woman.

7.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8.     Defendants POLICE OFFICER STEVEN VENTIMIGLIA, POLICE OFFICER "FNU" [First Name Unknown] ROMA, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants POLICE OFFICER STEVEN VENTIMIGLIA, POLICE OFFICER "FNU" [First Name Unknown] ROMA, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to

3

the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER STEVEN VENTIMIGLIA, POLICE OFFICER "FNU" [First Name Unknown] ROMA, and JOHN DOES are sued individually.

9.   Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES are sued individually.

10.  At all times herein mentioned, Defendant FOOD UNIVERSE was a grocery store located at or around 538 W. 138th Street, New York, NY 10031.  On information and belief it is either independently owned and / or it is owned and / or operated by one, some, or all of Defendant  EL  GALLO  MEAT  MARKET  INC.  (a  domestic  business

4

corporation) d/b/a  FOOD UNIVERSE, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, KEY FOOD CS 2, LLC (a foreign limited liability company), Defendant KEY FOOD CS 3 LLC (a foreign limited liability company), or Defendant KEY FOOD STORES CO-OPERATIVE, INC. (a domestic cooperative corporation).

11. Defendant MICHAEL MOE OWNER OF FOOD UNIVERSE is the legal owner of Defendant FOOD UNIVERSE, whether it be a natural person or a corporate entity.  On information and belief MICHAEL MOE OWNER OF FOOD UNIVERSE is EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE.12.   Defendants FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4, and MICHAEL MOES were officers or employees of Defendants EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, MICHAEL MOE OWNER OF FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3 LLC, and / or KEY FOOD STORES CO-OPERATIVE, INC., and were acting within the course and scope of their employment with Defendants FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3 LLC, and / or KEY FOOD STORES CO-OPERATIVE, INC. during the incidents complained of herein.

12.  TEOFILO GUZMAN, JUAN GUZMAN, and JOSE C. GUZMAN are (or were, as of January 26, 2015) equal co-owners of EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE.

13.  TEOFILO GUZMAN is (or was, as of January 26, 2015) the President of EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE.

14.   JUAN GUZMAN is (or was, as of January 26, 2015) the Vice President (and is listed presently as the Chief Executive Officer by the New York Secretary of State) of EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE.

15.   JOSE C. GUZMAN is the Secretary & Treasurer of EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE.

16.   Both EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE's address, and JUAN GUZMAN's address as Chief Executive Officer of EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE, are listed by the New York Secretary of State as 538 W. 138th Street, New York, NY 10031.

17.   The store name / logo / emblem FOOD UNIVERSE is owned by KEY FOOD STORES CO-OPERATIVE, INC. (which is linked with, or also owns, KEY FOOD CS 2, LLC, and / or KEY FOOD CS 3 LLC).

18.   FOOD UNIVERSE is part of the Key Food family of stores, and is one of the store names / logos / emblems associated with participation in the Key Food family of stores (along with Key Food, Key Food Marketplace, and Food Dynasty).

19.   EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE - via its officers TEOFILO GUZMAN, JUAN GUZMAN, and JOSE C. GUZMAN - has signed a membership agreement with KEY FOOD STORES CO-OPERATIVE, INC. dated January 26, 2015, allowing EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE to operate its store located at 538 W. 138th Street, New York, NY 10031 as FOOD UNIVERSE, and

6

allowing it other benefits of membership within KEY FOOD STORES CO-OPERATIVE, INC.

20.   The signs outside and inside of the EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE store located at 538 W. 138th Street, New York, NY 10031 represent it to the public as FOOD UNIVERSE, and therefore as part of the Key Food family of stores that are members of / governed by KEY FOOD STORES CO-OPERATIVE, INC. (which is linked with, or also owns, KEY FOOD CS 2, LLC, and / or KEY FOOD CS 3 LLC).

21.   KEY FOOD STORES CO-OPERATIVE, INC. (which is linked with, or also owns, KEY FOOD CS 2, LLC, and / or KEY FOOD CS 3 LLC), by way of the Membership Agreement with EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, has attained significant security interests in / control over EL GALLO MEAT MARKET INC.

22.  Through the Membership Agreement and entwinement of their identities and interests for a common and mutually beneficial purpose in relation to the operation of, and their partnership and / or joint venture with each other concerning, the FOOD UNIVERSE store located at 538 W. 138th Street, New York, NY 10031, KEY FOOD STORES CO-OPERATIVE, INC. (which is linked with, or also owns, KEY FOOD CS 2, LLC, and / or KEY FOOD CS 3 LLC) and EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE are jointly responsible for each others', and each others' employees', actions and omissions in relation to the operation of the FOOD UNIVERSE store located at 538

7

W. 138th Street, New York, NY 10031, and KEY FOOD STORES CO-
OPERATIVE, INC. (which is linked with, or also owns, KEY FOOD CS 2,
LLC, and / or KEY FOOD CS 3 LLC) may be deemed a derivative
employer concerning the direct employees of EL GALLO MEAT MARKET
INC. d/b/a FOOD UNIVERSE.   13. At all times herein mentioned,
Defendants FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C.
GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL
MOE # 4, and MICHAEL MOES were acting under color of state law.

23.   At all times herein mentioned, Defendants FELIPE
VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE
# 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4, and
MICHAEL MOES, through their ongoing relationship, joint action,
and conspiracy with, members of the New York City Police
Department, were clothed with, and acted with impunity because
they were clothed with and protected by, the authority of state
law.

24.   Defendants MICHAEL MOE OWNER OF FOOD UNIVERSE (if an
individual), FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C.
GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL
MOE # 4, and MICHAEL MOES are sued individually.

25.   At all times herein mentioned, Defendants MICHAEL MOE
OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a FOOD
UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC,
and / or KEY FOOD STORES CO-OPERATIVE, INC., their agents,

servants and/or employees, including Defendants FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4, and MICHAEL MOES, were under an obligation to operate, manage, maintain, and control the premises, and their own and their subordinates' activities and behavior, in a careful, safe, and lawful manner.

26.   At all times herein mentioned, Defendants MICHAEL MOE OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3 LLC, and / or KEY FOOD STORES CO-OPERATIVE, INC., TEOFILO GUZMAN, JUAN GUZMAN, and JOSE C. GUZMAN were under an obligation to use reasonable care in the hiring, training, retention, and supervision of their employees.

27.   At all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

## NOTICE OF CLAIM

28.   Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on November 23, 2016, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## STATEMENT OF FACTS

29.   On September 24, 2016, at approximately 11:30 a.m., Plaintiff entered the FOOD UNIVERSE store located at or around 538 W. 138th Street (at or near the intersection of 138th Street and Broadway), New York, NY 10031.

30.   This FOOD UNIVERSE store is, on information and belief, designated as Store # 1908 within the co-operative of stores owned and / or operated by Defendants EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE and / or KEY FOOD CS 2, LLC, KEY FOOD CS 3 LLC, and / or KEY FOOD STORES CO-OPERATIVE, INC.

31.   Plaintiff entered the FOOD UNIVERSE store planning to purchase toilet tissue and soda, and had in her possession a five dollar bill with which to purchase these items.

32.   After browsing the store and considering whether she also wanted to purchase other items, and retrieving these two sets of items that she wanted to purchase from the shelves, Plaintiff headed to the registers to purchase these items.

33.   Plaintiff had with her a cloth shopping bag, into which she put these items that she was going to purchase, and used it to carry the items to the registers in order to purchase them.

34.   Upon arriving at the registers, Plaintiff saw a cashier who appeared to be just about to open up a new register.

35.   Plaintiff went to that cashier's register, because there was no line for that register and the other registers all had lines.

36.   Plaintiff had her five dollar bill in her hand.

37.   The cashier was taking longer to open her register than Plaintiff had anticipated.

38.   Plaintiff ran out of patience, and put the items she was going to purchase down on the conveyor belt at the register, and then proceeded toward the exit of the store without any store items in her possession, to leave the store without making a purchase.

39.   As Plaintiff walked toward the exit of the store she was approached by Defendant MICHAEL MOE # 1 (on information and belief MICHAEL MOE # 1 is one of Defendant FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, or JOSE C. GUZMAN), and Defendant MICHAEL MOE # 2.

40.   On information and belief MICHAEL MOE # 1 was the manager (or an officer or supervisor of some sort) of the store, and MICHAEL MOE # 2 was a store employee subordinate to MICHAEL MOE # 1.

11

41.  MICHAEL MOE # 2, however, may also be one of Defendant FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, or JOSE C. GUZMAN

42.  MICHAEL MOE # 1 and MICHAEL MOE # 2 falsely accused Plaintiff of trying to steal something, and of having their property in her bag (which she did not, having left the items she had intended to purchase on the conveyor belt).

43.  Plaintiff explained to MICHAEL MOE # 1 and MICHAEL MOE # 2 that she had just placed the store items in her bag briefly while she was in the store because there was not a basket available, and that she had left the items on the conveyor belt, and that she had money, and she invited MICHAEL MOE # 1 and MICHAEL MOE # 2 to check her bag if they wanted to.

44.  MICHAEL MOE # 1 and MICHAEL MOE # 2 continued to insist that Plaintiff had stolen something, and some Defendant MICHAEL MOE # 3 member of the store staff called the police.

45.  MICHAEL MOE # 3 may also be one of Defendant FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, or JOSE C. GUZMAN.

46.  One of either MICHAEL MOE # 1 or MICHAEL MOE # 2 grabbed Plaintiff by her arm aggressively and took her empty cloth bag from her, and Plaintiff and MICHAEL MOE # 1 or MICHAEL MOE # 2 began to argue.

47.  Plaintiff unsuccessfully tried to push MICHAEL MOE # 1 or MICHAEL MOE # 2 off of her, and to leave the store.

48.  MICHAEL MOE # 1 and MICHAEL MOE # 2 grabbed Plaintiff by both arms and – with the assistance of another store employee,

12

Defendant MICHAEL MOE # 4, who grabbed Plaintiff by her leg –
they threw Plaintiff to the floor.

49.  MICHAEL MOE # 4 may also be one of Defendant FELIPE
VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, or JOSE C. GUZMAN.

50.  MICHAEL MOE # 1, MICHAEL MOE # 2, and MICHAEL MOE # 4
are all males and, on information and belief, of Latino
ethnicity.

51.  MICHAEL MOE # 1, MICHAEL MOE # 2, and MICHAEL MOE # 4
held Plaintiff down on the floor against her will for a period of
time, until two members of the NYPD, on information and belief
Defendants POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA,
arrived.

52.  Defendants POLICE OFFICER VENTIMIGLIA and POLICE
OFFICER ROMA first sought to speak with, and did speak with,
MICHAEL MOES employees, including, on information and belief,
MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, and MICHAEL
MOE # 4.  41.  POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA
would not listen to a word that Plaintiff said, and were entirely
dismissive towards plaintiff, despite the fact that she tried to
tell them that she had been falsely accused of theft, showed the
officers her five dollar bill, and pointed out her cloth bag to
them, and despite the fact that it was clearly visible to POLICE
OFFICER VENTIMIGLIA and POLICE OFFICER ROMA upon their arrival at
the store that Plaintiff was being held on the floor by MICHAEL
MOE # 1, MICHAEL MOE # 2, and MICHAEL MOE # 4 against her will.

13

53.   POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA would only listen to what the MICHAEL MOES employees, including, on information and belief, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, and MICHAEL MOE # 4, had to say, and not to anything Plaintiff had to say.

54.   POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA handcuffed Plaintiff and placed her in their police car outside the store for approximately 20-30 minutes, while they were inside the store, on information and belief continuing to speak with MICHAEL MOES employees, including, on information and belief, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, and MICHAEL MOE # 4.

55.   POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA left Plaintiff unattended in the police car for much of this 20-30 minutes.

56.   Although POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA had the windows slightly opened, the police car was off and without air conditioning, and it got very hot in the car.

57.   POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA brought Plaintiff to the NYPD 30th Precinct, where she was searched by a female police officer, and fingerprinted and photographed.

58.   Plaintiff, in pain from the way she had just been manhandled, had requested medical attention from POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA prior to being brought to the

14

precinct, but that request was ignored and Plaintiff was just brought to the precinct.

59.   Plaintiff also asked POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA to arrest MICHAEL MOE # 1, MICHAEL MOE # 2, and MICHAEL MOE # 4, but that request was also ignored and, on information and belief, none of MICHAEL MOE # 1, MICHAEL MOE # 2, and MICHAEL MOE # 4 were ever arrested concerning their conduct toward Plaintiff.

60.   Plaintiff was held at the precinct for approximately five hours, until she was released with a Desk Appearance Ticket.

61.   The Desk Appearance Ticket required Plaintiff to appear in Criminal Court, on information and belief on either November 16 or 17, 2016.

62.   Plaintiff appeared in Criminal Court on November 16 or 17, 2016 as required by the Desk Appearance Ticket.

63.   DEFENDANT POLICE OFFICER VENTIMIGLIA was the deponent on the Criminal Court Complaint that was lodged against Plaintiff, and which falsely charged her with Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree.

64.   POLICE OFFICER VENTIMIGLIA, in the Criminal Court Complaint, swears under penalty of perjury that he is informed, *inter alia*, by Defendant VARGAS – who DEFENDANT POLICE OFFICER VENTIMIGLIA identifies as a store supervisor at Food Universe – that Defendant VARGAS observed Plaintiff remove a bottle of soda, three salsa dips, and three toilet paper rolls from various

15

shelves and conceal these items in her bag, and that Defendant VARGAS then observed Plaintiff attempt to leave the store in possession of the property without paying for it, and that Defendant VARGAS then stopped Plaintiff and recovered the items from Plaintiff's bag.

65.   These allegations are lies.

66.   Plaintiff never attempted to purchase any salsa dip, and did not so much as touch any salsa dip that day at FOOD UNIVERSE.

67.   The only items that Plaintiff attempted to purchase were the soda and the toilet paper, and those items, as described *supra*, were left on the conveyor belt at the register when Plaintiff attempted to leave the store.

68.   Plaintiff's bag had no items of store merchandise in it when it was illegally taken from her by the Defendant store employees.

69.   At her arraignment Plaintiff accepted an Adjournment in Contemplation of Dismissal (ACD), and all charges against her have been dismissed in their entirety.

70.   On information and belief, POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA did not request to, and did not, review surveillance video footage that was readily available, and which if viewed would likely have fully exculpated Plaintiff.

71.   The FOOD UNIVERSE store was equipped, on information and belief, with a number of surveillance cameras, that recorded

16

events occurring in the shopping area of the store.

72. POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA simply took the side of the FOOD UNIVERSE employees, and, on information and belief, did not conduct any inquiry or investigation other than speaking solely to the FOOD UNIVERSE employees, whose narrative they accepted unquestioningly (despite the immediately observable evidence that there was no store property either in Plaintiff's bag or anywhere on Plaintiff's person).

73. On information and belief, the NYPD had a policy, practice, and/or custom that members of the NYPD simply defer to accounts of alleged misconduct by members of the public given by management and/or security guards at retail and other business establishments in the CITY OF NEW YORK.

74. The FOOD UNIVERSE employees detained, handcuffed, beat and manhandled Plaintiff under color of law in that they and the other employees of FOOD UNIVERSE were granted by members of the NYPD a status according to which they were granted undue deference in their disputes (including physical disputes) with the public.

75. Defendants VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, and MICHAEL MOE # 4 and MICHAEL MOES acted under color of law in that they willfully participated jointly with members of the NYPD, and members of the NYPD arrested Plaintiff (and declined to arrest VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, and MICHAEL MOE # 4 and

17

MICHAEL MOES for their attack on the Plaintiff) based on statements made by FOOD UNIVERSE employees, including VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, and MICHAEL MOE # 4 and MICHAEL MOES, without conducting any independent or honest investigation, and granting undue deference to the narrative(s) provided by the FOOD UNIVERSE employees.

76.   Defendants FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, KEY FOOD CS 2, LLC, Defendant KEY FOOD CS 3 LLC, or Defendant KEY FOOD STORES CO-OPERATIVE, INC., by and through their agents, servants and/or employees, including defendants VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, and MICHAEL MOE # 4 and MICHAEL MOES, willfully participated in joint activity with defendant CITY, its agents, servants and/or employees, in having Plaintiff arrested, imprisoned, and charged without justification, privilege, or probable cause.

77. Based on the instigation, importuning, and encouragement by defendant FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, KEY FOOD CS 2, LLC, Defendant KEY FOOD CS 3 LLC, or Defendant KEY FOOD STORES CO-OPERATIVE, INC., their agents, servants and/or employees, including defendants VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, and MICHAEL MOE # 4 and MICHAEL MOES, and without first conducting any

reasonable or honest inquiry or investigation, defendants POLICE OFFICER VENTIMIGLIA and POLICE OFFICER ROMA intentionally and with deliberate indifference to Plaintiff's civil rights arrested Plaintiff, and caused criminal charges to be lodged against her.

78.   Defendants MICHAEL MOE OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3 LLC, and / or KEY FOOD STORES CO-OPERATIVE, INC. knew of, or should have known of, the dangerous propensities of defendants VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4 and MICHAEL MOES.

79.   On information and belief, Plaintiff was deemed by to be suspicious by defendants VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4 and MICHAEL MOES because she was black.

80.   This FOOD UNIVERSE store is located in a heavily Latino / Spanish-speaking area, and there are comments on the internet indicating that the store staff views and treats non-Spanish speakers with a discriminatory animus.

81.   As a result of the collective acts of defendant CITY, its agents, servants and/or employees, including defendants POLICE OFFICER VENTIMIGLIA, POLICE OFFICER ROMA, and JOHN DOES, and defendants MICHAEL MOE OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY

FOOD CS 3, LLC, and / or KEY FOOD STORES CO-OPERATIVE, INC., their agents, servants and/or employees, including defendants VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4 and MICHAEL MOES, plaintiff sustained loss of liberty, physical injury, and suffered garden-variety emotional distress, and has otherwise been damaged.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

82. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

83. By their conduct and actions in racially profiling, harassing, detaining, searching, seizing, arresting, effecting a wrongful post-arrest pre-trial seizure upon, abusing process against, assaulting and battering, violating rights to equal protection of, violating rights to due process of, discriminating against, failing to intercede on behalf of, and in fabricating evidence concerning the September 24, 2016, incident regarding Plaintiff, the individual defendants, acting both on their own and in conspiracy with each other, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused damage and injury in violation of the plaintiff's Constitutional

20

rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

84.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

85.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.   By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory individuals / officers RICHARD ROES, MICHAEL MOE OWNER OF FOOD UNIVERSE, FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, and those MICHAEL MOES who exercised supervisory responsibilities, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

87.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain

and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

**LIABILITY OF THE CITY OF NEW YORK, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE,KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, AND KEY FOOD STORES CO-OPERATIVE, INC. FOR CONSTITUTIONAL VIOLATIONS**

88.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

90.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

91.    The misconduct detailed above was also the result of an institutional policy, practice, and/or custom of defendant CITY whereby NYPD officers responding to scenes such as that described above are discouraged from making further inquiry or investigation prior to arresting a subject other than receiving information from the personnel at retail and other business establishments, which is given undue deference.

92.    Further, the misconduct detailed above was also the result of institutional policies, practices, and/or customs of defendants CITY, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY FOOD STORES CO-OPERATIVE, INC. to purposely overlook and / or actively abet the unconstitutional and racist targeting of black people at retail stores in New York City (known in shorthand vernacular as "shop and frisk").  This practice has long been of concern to the minority and civil rights communities in New York City, and particularly to the black community in New York City, and only relatively recently begun to be addressed by the police department and the business community due to large-scale exposure in the media.  *See*, e.g., article by J. David Goodman, <u>Bratton and Sharpton Discuss Profiling Issue</u>, N.Y. Times (April 4, 2014), <u>http://www.nytimes.com/2014/04/04/nyregion/bratton-and-sharpton-discuss-profiling-issue.html?ref=nyregion</u>; *see also*, article on website of PIX 11 news, <u>EXCLUSIVE: NYPD [Internal Affairs Division] investigating role of 2 cops in Barney's shop-and-frisk</u>

arrest (May 20, 2104), [http://pix11.com/2014/05/20/nypd-investigating-2-cops-involved-in-barneys-shop-and-frisk-arrest/](http://pix11.com/2014/05/20/nypd-investigating-2-cops-involved-in-barneys-shop-and-frisk-arrest/) .

93.  Defendant CITY authorized and tolerated as institutionalized practices, and ratified the misconduct detailed above, by failing to take adequate precautions in the supervision and/or training of police personnel, including specifically defendants Police Officers VENTIMIGLIA, ROMA and JOHN DOES.

94.  The defendant CITY's policies/customs and defendant CITY's failure to supervise and/or train its employees, including defendants Police Officers VENTIMIGLIA, ROMA and JOHN DOES rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

95.  At all times material to this complaint, defendants EL GALLO MEAT MARKET INC. d/b/a FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY FOOD STORES CO-OPERATIVE, INC., acting through their employees and agents, and through the individual defendants had de facto policies, practices, customs and usages, including acting in conspiracy and conjunction with employees and agents of the City of New York concerning the aforementioned unconstitutional policies, practices, customs, and usages, which were a direct and proximate

cause of the unconstitutional conduct alleged herein.

96.   At all times material to this complaint, defendants EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY FOOD STORES CO-OPERATIVE, INC., acting through their employees and agents (including their officers, managers and security personnel), and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline its employees and agents, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said employees and agents.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

97.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### DEPRIVATION OF RIGHTS UNDER
### 42 U.S.C. §1981

98.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

99.   The Plaintiff was subjected to racially discriminatory conduct by defendants MICHAEL MOE OWNER OF FOOD UNIVERSE, FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4, and MICHAEL MOES in violation of her rights as guaranteed under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

100.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM

### DEPRIVATION OF RIGHTS UNDER
### 42 U.S.C. §1985(3)

101.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

102.   Defendants POLICE OFFICER VENTIMIGLIA, POLICE OFFICER ROMA, JOHN DOES, RICHARD ROES, MICHAEL MOE OWNER OF FOOD UNIVERSE, FELIPE VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4, and MICHAEL MOES engaged in a conspiracy to deprive Plaintiff, on the basis of her race, national origin, ethnicity and/or color, of the equal protection of the laws and/or of equal privileges and immunities under the laws.

26

103.  As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF
MICHAEL MOE OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC.
d/b/a  FOOD UNIVERSE, FOOD UNIVERSE,
KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC,
and KEY FOOD STORES CO-OPERATIVE, INC.
FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES
CONSTITUTION AND 42 U.S.C. §1983, 42 U.S.C. § 1981,
AND 42 U.S.C. § 1985(3)**

104.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

105.  The conduct of defendants VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN, MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE # 4 and MICHAEL MOES alleged herein, occurred while they were on duty and/or in uniform, and/or in and during the course and scope of their duties and functions as managerial, retail and / or security employees in the management and maintenance of EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY FOOD STORES CO-OPERATIVE, INC., and/or while they were acting under color of state law as agents of defendants MICHAEL MOE OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a  FOOD

UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY FOOD STORES CO-OPERATIVE, INC. and/or while they were acting under color of state law through conspiracy with officers and/or officials of THE CITY OF NEW YORK and/or while they were engaging in, and conspiring to engage in, racially discriminatory conduct toward Plaintiff in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1985(3), and, as a result, defendants MICHAEL MOE OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY FOOD STORES CO-OPERATIVE, INC. are liable to the plaintiff pursuant to the doctrine of respondeat superior for deprivation of rights under the United States Constitution and 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 1985(3).

106.  As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK, MICHAEL MOE OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY FOOD STORES CO-OPERATIVE, INC. FOR STATE LAW VIOLATIONS**

107. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth

herein.

108.  The conduct of defendants POLICE OFFICER STEVEN
VENTIMIGLIA, POLICE OFFICER "FNU" [First Name Unknown] ROMA, JOHN
DOES, VARGAS, TEOFILO GUZMAN, JUAN GUZMAN, JOSE C. GUZMAN,
MICHAEL MOE # 1, MICHAEL MOE # 2, MICHAEL MOE # 3, MICHAEL MOE #
4 and MICHAEL MOES alleged herein, occurred while they were on
duty and/or in uniform, and/or in and during the course and scope
of their duties and functions as law enforcement, managerial,
retail, and/or security personnel for, or in the management and
maintenance of, THE CITY OF NEW YORK, EL GALLO MEAT MARKET INC.
d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD
CS 3, LLC, and KEY FOOD STORES CO-OPERATIVE, INC., and, as a
result, defendants THE CITY OF NEW YORK, MICHAEL MOE OWNER OF
FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE,
FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY
FOOD STORES CO-OPERATIVE, INC. are liable to the plaintiff
pursuant to the state common law doctrine of respondeat superior.

109.  As a result of the foregoing, plaintiff was deprived
of her liberty, suffered specific and serious bodily injury, pain
and suffering, garden variety emotional injury, costs and
expenses, and was otherwise damaged and injured.

### EIGHTH CLAIM

#### ASSAULT AND BATTERY

110. The plaintiff incorporates by reference the allegations

set forth in all preceding paragraphs as if fully set forth
herein.

111. By the actions described above, defendants did inflict
assault and battery upon plaintiff.  The acts and conduct of
defendants were the direct and proximate cause of injury and
damage to plaintiff and violated her statutory and common law
rights as guaranteed by the laws and Constitution of the State of
New York.

112.  As a result of the foregoing, plaintiff was deprived
of her liberty, suffered specific and serious bodily injury, pain
and suffering, garden variety emotional injury, costs and
expenses, and was otherwise damaged and injured.

### NINTH CLAIM

### FALSE ARREST AND IMPRISONMENT

113. The plaintiff incorporates by reference the allegations
set forth in all preceding paragraphs as if fully set forth
herein.

114. By the actions described above, defendants caused to be
falsely arrested and imprisoned or falsely arrested and
imprisoned plaintiff, without reasonable or probable cause,
illegally and without a warrant, and without any right or
authority to do so.  The acts and conduct of the defendants were
the direct and proximate cause of injury and damage to the
plaintiff and violated her statutory and common law rights as

guaranteed by the laws and Constitution of the State of New York.

115.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**TENTH CLAIM**

**ABUSE OF PROCESS**

116. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

117. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

118.  As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and

expenses, and was otherwise damaged and injured.

### ELEVENTH CLAIM

### NEGLIGENCE

119. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

120. Defendants, jointly and severally, negligently caused injury and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

121.  As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### TWELFTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

122. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

123. Defendants CITY OF NEW YORK, MICHAEL MOE OWNER OF FOOD UNIVERSE, EL GALLO MEAT MARKET INC. d/b/a  FOOD UNIVERSE, FOOD UNIVERSE, KEY FOOD CS 2, LLC, KEY FOOD CS 3, LLC, and KEY FOOD

STORES CO-OPERATIVE, INC. negligently hired, screened, retained, supervised and trained the individual defendants who were in their employ.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

124.  As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

125. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

126. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

127. A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

128.  As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain

and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTEENTH CLAIM

**New York City Human Rights Law**

129. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

130. By the actions described above, Defendants violated plaintiff's rights as protected by the New York City Human Rights Law (NYC Admin. Code § 8-101 et seq., including § 8-502).  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his rights as guaranteed thereby.

131.  As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empanelling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorney's fees;

e.   Such other and further relief as this court may deem appropriate and equitable.


Dated:    New York, New York
          November 20, 2017


_____/S/_____
Jeffrey Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff